*James, for appellant.*
*Drane, for appellees.*

---

JAMES DE BARD, ET AL. *v.* N. DAWSON'S ADMR.

Descent and Distribution—Heirs—Actions Against Administrator.
     Under provisions of sec. 10, ch. 40, Rev. St., an action cannot be
     maintained against the heirs of a decedent, upon a decree rendered
     against the administrator alone, but must be based upon the original
     liability of the decedent.

Pleading—Demurrer—Amended Petition—Insufficiency.
     A defect in a petition, on a judgment against an administrator, that
     does not set up the original liability of the decedent, is not waived
     by a failure to demur to same.   The petition not stating these facts
     is a valid ground of reversal, whether objected to in the Court below
     or not.

Same—Sufficiency of Amended Petition—Descent and Distribution—Action.
     A petition on a judgment against an administrator, in an equitable
     action against the heirs, set out the fact that an execution had been
     issued upon the judgment against the administrator, and had been
     returned nulla bona, and that said judgment remained wholly unpaid,

but made no reference to the nature of the original liability of the intestate. Held, insufficient to constitute a cause of action.

**Same—Right of Contest.**

The heirs of the decedent, not being concluded by the judgment against the administrator nor bound thereby, have the right to controvert the justice of the claim against their ancestor, and to enable them to do this, the same must be made the foundation of the action.

APPEAL FROM CARTER CIRCUIT COURT.

October 4, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

Duncan, the administrator of Dawson, having recovered a judgment at law against the administrator of George N. Davis, deceased, and being unable to collect the same by his common law execution, instituted a suit in equity against the heirs at law of Davis making his judgment against the personal representative the foundation of the action against the heirs, this proceeding progressed to a judgment against all the adult heirs, and they prosecuted an appeal therefrom to this court. And in January, 1858, said judgment was reversed, upon the ground that under the provisions of the 10th section of chapter 40 of the Revised Statutes, an action could not be maintained against the heirs upon the decree rendered against the administrator alone, but must be based upon the original liability of the decedent. The cause was remanded with leave to the plaintiff to amend, and on the 9th day of April, 1858, he did file an amended petition, setting up the fact that an execution had been issued upon his judgment against the administrator and been returned *nulla bona,* and that said judgment remained wholly unpaid, but made no reference whatever to the nature of the original liability of the intestate. The case lingered on the docket until April, 1868, without further pleading or evidence, when a second judgment was rendered against the heirs of Davis, and from that judgment they have appealed.

If the conclusions of this court as set out in their opinion in this case rendered in 1858, are correct, it is difficult to tell how the present judgment is to be sustained.

It is insisted by appellee that the proper move for the appel-

lants to have taken advantage of the defect of the petition as amended, was by demurrer, and having failed to do so, such defect must be regarded as waived, but as the action could not be maintained upon the judgment against the administrator, and as the original liability was not set up, or even referred to, the petition as *amended* did not state facts constituting a cause of action, and this is a valid ground of reversal whether objected to in the court below or not. *Walters v. Chinn, 1st Metcalfe, 503.*

It is also claimed that the original petition does refer to the suit and judgment against the administrator, and that said suit with all the exhibits including the obligation of the decedent is on file in this action. But the sufficiency of the original petition was passed upon by this court when the first judgment was reversed, and the then rendered decree cannot be disturbed.

The heirs of Davis not being concluded or in any manner bound by the judgment against the administrator, have the right to controvert the justice of the claim against their ancestor, and to enable them to do this in the manner prescribed by law, the same must be made the foundation of the action, and until this is done no judgment can be rendered against them.

For the reasons herein set out the judgment is reversed, and the cause remanded with direction for further proceedings not inconsistent with the principles embodied in this opinion.